## Leslie Heaton v. Matthew Hennessy.

### Gen. No. 4,282.

1. PREPONDERANCE OF EVIDENCE—*how, determined.* It is not always true that the weight of the evidence is upon the side producing the larger number of witnesses; there may be that in the appearance of a witness, the story which he tells and the manner in which he tells it, which detracts from the value and weight of his testimony.

2. VERDICT—*when, not disturbed.* A verdict will not be disturbed upon appeal unless it is manifestly and palpably against the weight of the evidence.

Action commenced before justice of the peace. Appeal from the Circuit Court of McHenry County; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the October term, 1903. Affirmed. Opinion filed March 14, 1904.

V. S. LUMLEY and JOHN J. WHITESIDE, for appellant.

GEORGE W. FIELD, for appellee.

MR. JUSTICE FARMER delivered the opinion of the court.

Appellee entered into a contract with appellant to work for him as a farm hand for one year, from March 6, 1902, at the rate of twenty dollars per month. He worked for appellant from said sixth day of March until October 20, except five days when he was sick, on which day he quit appellant's service. Between March 6 and October 20 appellant paid appellee nine dollars. Some time after he left appellant's employment, appellee demanded pay for the time he had worked, and on being refused, sued appellant before a justice of the peace, where he recovered a judgment, from which appellant appealed to the Circuit Court. A trial by jury in the Circuit Court resulted in a verdict and judgment for appellee for one hundred and thirty-seven dollars and ninety-three cents, from which this appeal is prosecuted.

There is no dispute between the parties as to the contract of employment. It was for one year's service at twenty dollars per month. It is conceded by appellee that the

contract was an entire one, and that to authorize a recovery for part performance, the termination of the contract must have been the act or fault of the employer, and not of the employee.    Appellee's contention was that he quit appellant's service by his consent and at his request and direction.    Appellee in substance testified that about the middle of October, appellant told him he was no good to him, and that he did not want him around him; that he replied to appellant, if he did not need him he would leave; that appellant asked him to stay till he could fill the silo, which he did, the work occupying about a week's time, and that appellant never requested him to remain after that.    He further testified that he was ready and willing to complete his contract and would have done so but for what appellant said to him.

Appellant denied that he discharged appellee or gave him any reasonable cause for leaving.    He testified they had some words about some of appellee's work that was not satisfactory, and appellee became somewhat angry and said if his work did not suit, he would quit; that it was corn cutting time and he wanted the silo filled, and not knowing where he could get another man, he asked appellee to stay till he could get other help.    No one was present at this conversation but appellant and appellee.    Appellant further testified that the night of the day this talk occurred, he went to appellee's room after he had retired, and told him he wanted him to stay and continue to work, and that appellee did not reply.    Mary Heaton, a daughter of appellant, and living with him, testified she was in an adjoining room and heard the conversation in appellee's room, between him and her father, and that her father told appellee he did not want him to leave.    She further stated that her recollection of all that was said then, was so mixed up she did not remember it.    She was not a witness at the trial before the justice of the peace, and she and her father claimed she did not disclose to him that she had heard this conversation, until about three or four weeks before the trial in the Circuit Court.

The foregoing is the substance of the material testimony in the case, and appellant's principal contention is that it is insufficient to sustain the verdict.    It is true, that looking at this record, plaintiff's case is not established in the most satisfactory or desirable manner, but this court is not in a position to so correctly weigh evidence and determine the credibility of witnesses as the trial court and the jury. We have not the opportunity to see and observe the witnesses and their manner of testifying, which is very helpful in determining what weight and credit should be given to their evidence.    It is not always the case that the weight of the evidence is on the side producing the larger number of witnesses.    There may be that in the appearance and manner of a witness and in the story told and the manner of telling it, which detracts from the value and weight of the testimony.    These things can be much better determined by those who can see and hear them, than by this court, and we do not feel warranted in disturbing the verdict on the ground that it is manifestly and palpably contrary to the weight of the evidence.    We are of opinion no error was committed by the court in its rulings on instructions.

The judgment is affirmed.

*Affirmed.*